[Cite as *Quaynor v. Ohio Dept. of Transp.*, 2011-Ohio-4584.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAURA QUAYNOR, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-01992-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiffs, Laura and Samuel Quaynor, filed this action against defendant, Department of Transportation (ODOT), contending that they suffered property damage as a proximate result of negligent maintenance of a state roadway on the part of ODOT. Plaintiffs related that they were traveling on Interstate 71 northbound when "we hit a pothole approximately 24 inches in diameter in the middle lane north of exit 5." Plaintiffs recalled that the described incident occurred on December 27, 2010 at approximately 11:30 a.m. Plaintiffs requested damage recovery in the amount of $864.90, the stated total cost of replacement parts and reimbursement for the $25.00 filing fee. The filing fee was paid.

{¶2} Defendant determined that plaintiffs' incident occurred between mileposts 5.3 and 5.5 on I-71 in Hamilton County. Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiffs' December 27, 2010 incident. Defendant related that, "[t]his section of roadway has an average daily traffic count" of over 130,000 vehicles. Defendant asserted that plaintiffs did not offer any evidence to establish the length of

time that any pothole existed in the vicinity of milepost 5.3 to 5.5 on I-71 prior to this incident.  Defendant denied receiving any complaints of potholes in the vicinity of plaintiffs' incident.

{¶3} Additionally, defendant contended that plaintiffs did not offer any evidence to prove that the roadway was negligently maintained.  Defendant advised that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month."  Apparently, no potholes were discovered in the vicinity of plaintiffs' incident the last time that section of roadway was inspected prior to December 27, 2010.  Defendant argued that plaintiffs have failed to offer any evidence to prove that their property damage was attributable to any conduct on the part of ODOT personnel.  Defendant asserted that the roadway was "in relatively good condition at the time of [plaintiffs'] incident."  Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that one (1) pothole patching operation was performed on I-71 at milepost 5.2 to 17.1."  However, this operation was completed nearly four months before plaintiffs' incident.  Defendant noted, "that if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶4} On May 12, 2011, plaintiffs filed a response wherein they essentially reiterated the allegations contained in the complaint.

{¶5} For plaintiffs to prevail on a claim of negligence, they must prove, by a preponderance of the evidence, that defendant owed them a duty, that it breached that duty, and that the breach proximately caused their injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiffs have the burden of proving, by a preponderance of the evidence, that they suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiffs must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiffs must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiffs have not submitted any evidence to establish that ODOT had actual notice of the pothole prior to plaintiffs' incident. Therefore, in order to recover plaintiffs must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶10} The trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶11} In order for there to be constructive notice, plaintiffs must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶12} Plaintiffs have not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiffs may have suffered from the pothole. In the instant claim, plaintiffs have failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiffs failed to prove that their property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiffs' claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAURA QUAYNOR, et al.

Plaintiffs

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-01992-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Laura Quaynor                          Jerry Wray, Director
Samuel Quaynor                      Department of Transportation
11 Linnet Loop                         1980 West Broad Street
North Augusta, South Carolina  29841       Columbus, Ohio  43223

SJM/laa
5/10
Filed 6/1/11

Sent to S.C. reporter 9/12/11